Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com

John R. Habashy (236708)
Tiffany N. Buda (232679)
Taryn E. Short (295809)
LEXICON LAW, PC
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Phone: (877) 529-5090
Fax: (888) 373-2107
john@lexiconlaw.com
tiffany@lexiconlaw.com
taryn@lexiconlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYMORE BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP. dba SPACE X, and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. SEYMORE BURKE ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's attorneys, brings this action to challenge the actions of SPACE EXPLORATION TECHNOLOGIES CORP. dba SPACE X ("Space X" or "Defendant") with regard to Defendant's wrongful use of Plaintiff's and the putative Class's credit reports, by failing to provide them with copies of the findings, that caused damages.

2. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

3. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

4. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant 28 U.S.C. § 1331 because it arises out of an issue of federal law, namely the federal Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA").

6. Because Defendant conduct business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant do business and reside in Los Angeles, California which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

8. Plaintiff is a natural person, residing in the County of Orange, in the

State of California, who is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681 (a)(c).

9. Defendant Space X is a company located in Hawthorne, California, and incorporated in Delaware, who conducts business in California and is a "person" as that term is defined by the FCRA, 15 U.S.C. §1681(a)(b).

**Background**

10. The Fair Credit Report was enacted in 1970 to preserve consumers reports and regulate widespread errors and inaccuracies. Congress recognized the importance of consumer reports as a critical and central role in consumers lives.

11. Congress was particularly concerned about the use of consumer reports by employers who deny qualified job applicants or take adverse action against current employees. Employers are required to make clear and conspicuous written disclosure to employees and job applicants, in a document that consists solely of the appropriate disclosure. 15 U.S.C. $1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement.

12. The "stand-alone disclosure" provides the employee or job applicant know when their report is being generated and an opportunity to dispute errors or address other concerns.

13. As outlined below, the Defendants systematically and routinely violate the FCRA by failing to provide the required stand-alone disclosure to employees and job applicants.

**FACTUAL ALLEGATIONS**

14. In or about January 2017, Defendant obtained Plaintiff's consumer credit report.

15. Defendants obtained Plaintiff's consumer credit report as part of a "private investigation" it was conducting pursuant to a background check required for employment with Defendant.

16. In the process of this private investigation, Plaintiff was not provided

any disclosures as required when Plaintiff's consumer credit report is investigated as part of a background check for employment.

17. By doing so, Defendants improperly requested Plaintiff's credit report without any permissible purpose as defined by 15 U.S.C. § 1681b(b)(1)(A)(i). Defendant failed to provide to Plaintiff the required disclosure for obtaining his consumer credit report for the purposes of employment.

18. Plaintiff is informed, believes, and based thereon alleges that Defendants have a systemic policy and practice to obtain credit reports for employees, as part of a background check for employment, that fails to provide the required disclosures as required by the FCRA, 15 U.S.C. §1681b(b)(b)(2)(A)(i).

19. By engaging in the above conduct, Defendants have violated FCRA, including 15 U.S.C. § 1681b, *et seq.*.

## Class Allegations

20. Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class"):

> All natural persons residing in the United States who within two years of filing this complaint had their credit information pulled by Defendant for employment purposes, without providing to them the necessary disclosures.

21. Specifically excluded from the proposed Class are Defendant; any entities in which Defendant have a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class's claims are based on the FCRA.

22. This action is brought and may be properly maintained as a class action.

23. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate

discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

25. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether the Defendant violated various provisions of the FCRA;
   b. Whether Defendant has a policy of pulling credit reports, for employment purposes, without providing consumers with the proper disclosures;
   c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

26. Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs.

27. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class

members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I

## VIOLATIONS OF 15 U.S.C. §1681 ET SEQ
## (FAIR CREDIT REPORTING ACT)

31. Plaintiff reincorporates by reference all of the preceding paragraphs.

32. Defendant has deliberately, willfully, intentionally, recklessly and negligently processed unauthorized credit inquiries against Plaintiff and the Class.

33. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

34. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

35. Additionally, Defendant's conduct violates sections 1681n(a)(1)(A)(B) by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by:

    a. Obtaining Plaintiff and the Class's credit report, in connection with employment purposes, without providing to Plaintiff and the Class the required disclosures. § 15 U.S.C. 1681(b)(b)(1)(A)(i).

36. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff and the Class that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff and the Class for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

    a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b. For statutory damages of for Plaintiff and each member of The Class;

    c. For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    f. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 21st, 2019      LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: ____/s Todd M. Friedman_____
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF